## SATZKY *v.* KING.

1. If an appeal bond for the "eventual condemnation-money" contains language limiting the liability of the parties thereto to a less sum, it is amendable so as to make their liability fully as great as that which the law requires; but such a bond can not be so amended without the assent of the surety. The appeal bond filed in the present case was open to the objection indicated above, and required amendment.
2. There was, however, no error on the part of the magistrate in refusing to allow the needed amendment to be made, it not appearing that the surety was present and offering to assent thereto. It follows that the superior court erred in sustaining the certiorari.

Submitted May 1,—Decided July 19, 1902.

Certiorari. Before Judge Lumpkin. Fulton superior court. November 21, 1901.

*H. Weber,* for plaintiff.
*Kilpatrick & Moore* and *W. S. Howard,* for defendant.

FISH, J.  A. Satzky sued J. C. King in a justice's court. The magistrate rendered judgment against the defendant for $45 principal, $3.10, interest, and $2.25, costs; whereupon the defendant sought to appeal to a jury in that court. When the case came on for trial before a jury, the plaintiff moved to dismiss what purported to be an appeal entered by King, upon the ground that no bond had been given as provided by the statute for an appeal. The paper relied on by King as an appeal bond was in the usual form of such a bond, except that after the words, "for the eventual condemnation-money in said cause," the surety had added the words, "of forty-five dollars." King moved to amend the bond by striking therefrom the words, "of forty-five dollars." The magistrate declined to allow the amendment, on the ground that the bond could not be so amended unless the surety were present and consenting thereto, and dismissed the appeal. King carried the case to the superior court by certiorari, alleging in his petition therefor error upon the refusal of the magistrate to allow the amendment to the bond, and upon the dismissal of the appeal. The judge of the superior court sustained the certiorari, and directed that the case be reinstated in the justice's court. To this judgment Satzky excepted.

In order to obtain an appeal, the party desiring to do so must, in the absence of an affidavit in forma pauperis, give bond and se-

curity for the eventual condemnation-money. Civil Code, § 4458. No such bond was given in the present case, as the paper purporting to be an appeal bond limited the liability of the parties thereto to the sum of forty-five dollars. This sum was not even sufficient to cover the condemnation-money embraced in the judgment from which the appeal was taken. It is evident that the surety, in inserting the words, " of forty-five dollars," in the bond, intended to limit his liability to that sum, and, as already indicated, we think such was their legal effect. These words can not be held to be superfluous, for they must have been inserted for a purpose; and the cardinal rule in construing contracts is to ascertain the intention of the parties, and to give effect to the whole contract, and every part thereof, so far as consistent with the rules of law. In the connection in which the words under consideration are used, their effect is that the parties executing the bond bind themselves therein for the payment of the eventual condemnation-money, to the extent of forty-five dollars, and no further. It is true that, under the Civil Code, § 5123, an appeal bond may be amended and new security may be given if necessary, but an appeal bond can not be so amended as to increase the amount for which the existing surety thereon may be held liable, unless such surety consents thereto. Such a change in the bond can not be made in the absence of the surety and without the production of any authority from him legally authorizing it to be made. Here the surety was not present when it was proposed to strike from the bond the words which limited his liability thereon, and which he himself had inserted for this purpose, and did not consent that the bond should be so amended. If the amendment proposed had been allowed under such circumstances, the surety would not have been bound for the eventual condemnation-money in the case. In our opinion, the magistrate did not err in refusing to allow the amendment, nor in dismissing the appeal, and the judge of the superior court did err in sustaining the certiorari.

Even if there be anything in the decision rendered in *Railroad Co.* v. *Gammage,* 63 *Ga.* 604, in conflict with what we here rule, that decision is not binding authority, as it was rendered by only two Justices.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*