*Willis Smith,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.

### 25077. GREEN v. GREEN.

BROYLES, C. J. 1. Where real estate is levied on under a distress warrant for rent, and the party distrained *desires to keep possession of the property,* he must file a counter-affidavit denying that the sum or some part thereof distrained for is due, *and must also execute a proper bond for the eventual condemnation-money.* However, where the levying officer retains possession of the property, the party distrained is not obligated to give such a bond; and where the property levied on is real estate, a forthcoming bond is never required. Code, §§ 61-402 to 61-406, inclusive.

2. In this case the property levied on under a distress warrant for rent was real estate; the party distrained filed a proper counter-affidavit and executed a bond for the eventual condemnation-money, and obtained possession of the property levied on. However, the principal amount distrained for rent was $1050, and the bond for the eventual condemnation-money was for $1000, a sum less than the amount distrained for. Under the ruling in *Satzky* v. *King,* 115 *Ga.* 948 (42 S. E. 233) the

bond was defective and was not the bond required by the statute. No motion was made in the instant case to amend the bond.

3. The contention of counsel for the plaintiff in error, that, even if the bond was for a sum less than the proper amount, the counter-affidavit should not have been dismissed, because the defendant in error, if he sustained a loss by reason of the defective bond, would have an adequate remedy against the sheriff on his bond, is without merit. The plaintiff in error elected to retain possession of the property levied on, and therefore was obligated to give the condemnation bond required by the statute, which he failed to do. It is true that the sheriff by accepting the defective bond would probably be liable to the defendant in error for any loss sustained by him; but the defendant in error is not required to proceed against that officer; he has the right to insist on a compliance by the plaintiff in error with those essential things required of him before he can successfully defend an action for distraint.

4. The court did not err in dismissing the counter-affidavit.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided July 9, 1936.

*Hamilton McWhorter, Charles E. Noell, T. R. Watkins,* for plaintiff in error.

*George B. Brooks, Shackelford & Shackelford,* contra.